UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM DREYER,

    Petitioner,

v.                                               CASE NO: 8:11-CV-62-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition and accompanying memorandum of law (Dkt. #1, Exhibit 1), Respondent's response (Dkt. #9), and Petitioner's reply (Dkt. #12). Upon review, the Court determines that the petition must be dismissed because of procedural default and failure to raise a claim cognizable by Section 2254.

### BACKGROUND

"Be careful what you ask for because you just might get it," a familiar proverb warns.[1]

---

[1] The exact origin of this phrase is unknown, but some attribute it to a short story by W.W. Jacobs that first appeared in *Harper's Monthly Magazine* in 1902. *See* W.W. Jacobs, *The Monkey's Paw*, HARPER'S MONTHLY MAGAZINE, Sept. 1902, at 634–39 (the original publication of the story that lacks the opening quotation but still vividly illustrates the lesson). For an excellent discussion on the possible origin of the proverb, see James Love, *"Be Careful What You Wish For." What Is the Origin of the Phrase?*, http://jamie.workingagenda.com/blog/2010/06/12/who-said-be-careful-what-you-wish-for (observing that "[s]ome focus on the anonymous quote, 'be careful what you wish for,' from the Tale of the Monkey's Paw," but noting that other versions of the proverb pre-date W.W. Jacobs' short story).

William Dreyer ("Petitioner") did not heed this warning when he moved to set aside his original ten-year sentence for exploitation of the elderly, and after receiving exactly what he asked for—a new sentence administered by a different judge—he now petitions this Court to undo the gamble that he took.  What follows is an account of how Petitioner came to find himself in his present predicament, as well as an explanation of why this Court cannot grant him the relief that he seeks.

On April 30, 2001, Petitioner pled guilty in open court to the charge of exploitation of the elderly, a second degree felony, before the Hon. Dee Anna Farnell.  (Exhibit 1, Record on Appeal, at 6; Exhibit 1, Record on Appeal, at 11–27, 29–30).  On October 12, 2001, before a different judge, Petitioner received a ten (10) year prison sentence.  (Exhibit 1, Record on Appeal, at 72, 107, 119–22).  On December 5, 2001, Petitioner filed a petition for reconsideration of sentence under Fla. R. Crim. P. Rule 3.800(b), and that petition was denied on December 11, 2001.  (Exhibit 1, Record on Appeal, at 127, 129).  On June 23, 2003, Petitioner filed a motion for post-conviction relief under Fla. R. Crim. P. Rule 3.850.  (Exhibit 1, Record on Appeal, at 133).   The post-conviction court dismissed in part and denied in part that motion on September 24, 2003, and Petitioner filed a notice of appeal on October 23, 2003.  (Exhibit 1, Record on Appeal, at 153–61, 263).  The Second District Court of Appeal of Florida affirmed the denial in a per curiam opinion.  *See Dreyer v. State*, 875 So.2d 605 (Fla. 2d DCA 2004).

On October 10, 2003, Petitioner filed a 3.800(a) motion to correct illegal sentence, a motion which the post-conviction court denied without prejudice on March 4, 2004. (Exhibit

1, Record on Appeal, at 262, 264). Five days later, Petitioner filed an amended 3.800(a) motion to correct illegal sentence, and on March 25, 2004, he filed a 3.800(b) motion regarding sentencing error. (Exhibit 1, Record on Appeal, at 265–66, 267–68). The post-conviction court denied those motions on April 21, 2004. (Exhibit 1, Record on Appeal, at 269).

On April 12, 2004, Petitioner filed a motion for reduction/modification of sentence. (Exhibit 1, Record on Appeal, at 271–72). On February 3, 2006, Petitioner filed a motion to set aside judgment and sentence obtained by mistake, fraud, misrepresentation, etc., and for other alternative relief, arguing that the State had induced the sentencing court to make an upward departure in his case through the use of false or misleading statements. (Exhibit 1, Record on Appeal, at 282–92). This motion was dismissed as untimely and successive. (Exhibit 1, Record on Appeal, at 366). Petitioner appealed the dismissal, but the Second District Court of Appeal affirmed per curiam on January 17, 2007. *See Dreyer v. State*, 947 So.2d 1170 (Fla. 2d DCA 2007).

On August 15, 2007, Petitioner filed a 3.800(b)(2) motion to correct sentencing error, arguing that a successor judge had improperly sentenced him and that restitution had been determined improperly on the basis of hearsay allegations. (Exhibit 1, Record on Appeal, at 466–74). Twelve days later, Petitioner also filed an amended motion to correct sentencing error. (Exhibit 1, Record on Appeal, at 495). The post-conviction court granted Petitioner's motion in part, finding that a successor judge had indeed sentenced Petitioner improperly under Fla. R. Crim. P. 3.700(c)(1). (Exhibit 1, Record on Appeal, at 523). Rule 3.700(c)(1)

provides that: "In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense."

The court denied Petitioner's motion as to the restitution determination, however, finding that his previous agreement to the restitution amount rendered the claim meritless. (Exhibit 1, Record on Appeal, at 524). Pursuant to the order, a sentencing hearing was conducted by the judge who had originally taken Petitioner's plea, and the judge vacated Petitioner's earlier ten (10) year sentence and imposed a fifteen (15) year prison sentence. (Exhibit 2, Transcript on Appeal, at 515–17).

On March 17, 2008, Petitioner filed a *pro se* 3.800(b)(2) motion to correct sentencing error, arguing that the State was equitably estopped from requesting an upward departure from the guidelines and that the court had improperly determined costs and restitution. (Exhibit 1, Record on Appeal, at 536–41). The next day, the Public Defender filed a second motion to correct sentencing error, arguing that Petitioner's new fifteen year sentence was improper. (Exhibit 1, Record on Appeal, at 591 n.1). On April 17, 2008, the post-conviction court entered an order correcting scrivener's error in the judgment and sentence. (Exhibit 1, Record on Appeal, at 590). On May 1, 2008, the court denied Petitioner's motion to correct sentencing error. (Exhibit 1, Record on Appeal, at 591). In its order, the court noted that the Public Defender's second motion had been stricken because Petitioner had chosen

to represent himself on the motion. (Exhibit 1, Record on Appeal, at 591 n.1). The court found that Petitioner's equitable estoppel argument was essentially a "violation of the plea agreement" argument that could only be advanced in a motion to withdraw a plea. (Exhibit 1, Record on Appeal, at 591–92). The court thus denied Petitioner's first ground for relief because Petitioner did not file a motion to withdraw plea within 30 days after rendition of his sentence. (Exhibit 1, Record on Appeal, at 592). The court also found that Petitioner's second ground regarding restitution was mooted by its order correcting scrivener's error in judgment and sentence. (Exhibit 1, Record on Appeal, at 592).

On May 1, 2008, Petitioner filed an amended motion to correct sentencing error. (Exhibit 1, Record on Appeal, at 594–99), a motion that was denied as moot and successive on June 2, 2008. (Exhibit 1, Record on Appeal, at 631). On October 15, 2008, Petitioner filed a third amended motion to correct sentencing error under 3.800(b)(2), arguing as his first ground for relief that the fifteen-year sentence violated his due process rights because it imposed a more severe sentence on him, after commencement of a lawful sentence, without a judicially cognizable justification. (Exhibit 2, Transcript on Appeal, at 529–35). As his second ground for relief, Petitioner argued that the increased sentence violated his constitutional right against double jeopardy. (Exhibit 2, Transcript on Appeal, at 535–38). Finally, as his third ground for relief, Petitioner argued that both the ten-year and fifteen-year sentences were invalid because the State announced that it would take one position at the plea hearing, and then took a different, adverse one at sentencing "in violation of the principle of equitable estoppel." (Exhibit 2, Transcript on Appeal, at 538–44). Rejecting all

three arguments, the post-conviction court denied Petitioner's motion on November 25, 2008. (Exhibit 2, Transcript on Appeal, at 667–69).

In rejecting Petitioner's arguments, the post-conviction court found that Petitioner's first ground for relief presented a claim not cognizable in a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, and that even if that ground were properly before the court, it would fail on the merits. (Exhibit 2, Transcript on Appeal, at 667–68). The court similarly found that Petitioner's second ground for relief was not cognizable in a 3.800(b) motion. (Exhibit 2, Transcript on Appeal, at 668–69). Finally, as to Petitioner's third ground for relief, the court noted that Petitioner had entered an open plea agreement and acknowledged that he could receive up to a fifteen-year prison sentence. (Exhibit 2, Transcript on Appeal, at 669).

Petitioner appealed his sentence and filed his initial brief on September 7, 2009, arguing, among other things, that: "The lower court erred in increasing [Petitioner's] legal sentence while he was still serving the sentence without a judicially cognizable reason." (Exhibit 5, Initial Brief, at 16). The Second District Court of Appeal affirmed "without comment" Petitioner's conviction and sentence but ordered a new hearing to determine the amount of restitution because it had been solely based on hearsay evidence. *See Dreyer v. State*, 46 So.3d 613 (Fla. 2d DCA 2010). Petitioner moved for rehearing, and the court denied that motion and issued its mandate on November 30, 2010. (Exhibit 9, Motion for Rehearing; Exhibit 10, Mandate).

# DISCUSSION

On January 5, 2011, Petitioner filed this Section 2254 petition, claiming as his only ground for habeas relief that: "The lower court erred in increasing Petitioner's legal sentence while he was still serving the sentence, without a judicially cognizable reason." (Dkt. #1 at 4). Respondent contends that Petitioner's claim, though exhausted and timely, does not satisfy the prerequisites of Section 2254(d) and (e) because it "concerns a state law sentencing issue which provides no basis for federal, constitutional habeas corpus relief." (Dkt. #9 at 1, 9–10, 13). Respondent further contends that even if Petitioner's claim were cognizable under Section 2254, it would fail because the state court's decision neither contravened nor unreasonably applied clearly established federal law. (Dkt. #9 at 14).

## A. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Supreme Court has cautioned that Section 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 77 L.Ed.2d 1090 (1983).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, Section 2254(d) governs the review of those claims. *See Penry v.*

*Johnson*, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L.Ed.2d 9 (2001). A federal court may grant a Section 2254 petition only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Price v. Vincent*, 538 U.S. 634, 638, 123 S. Ct. 1848, 155 L.Ed.2d 877 (2003); *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

The Eleventh Circuit Court of Appeals discussed the meaning of the "contrary to" and "unreasonable application" clauses in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Id. See also Yarborough v. Gentry*, 540 U.S. 1, 124 S. Ct. 1, 4, 157 L.Ed.2d 1 (2003). Moreover, under Section 2254(e)(1), a state court's factual findings shall be presumed correct, and the habeas petitioner can rebut the presumption of correctness only by clear and convincing evidence.

*See Parker*, 244 F.3d at 835–36; 28 U.S.C. § 2254(e)(1).

## B. Procedural Default

Petitioner contends that the Second District Court of Appeal unreasonably applied clearly established federal law when it upheld his increased 15 year prison sentence. (Dkt. #1, Exhibit 1, at 4). This claim is procedurally barred and cannot be considered by this Court. Plaintiff attempted to bring the claim before the state courts in the form of a Rule 3.800(b)(2) motion to correct sentencing error. The state court denied this motion as not being a legally cognizable claim in the form of a Rule 3.800(b)(2) motion. "Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief . . . who attempts to raise [his federal constitutional claim] in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court" unless he can make a showing of either cause for and prejudice from his default, *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), or of his actual innocence, *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Petitioner makes no effort to show cause and prejudice, and this Court is unable to find any evidence in the record of "some external impediment" which kept him from properly constructing the claim. *Lynn v. United States*, 365 F.3d 1225, 1233 (11th Cir. 2004). Furthermore, because Petitioner pled guilty in open court, complains only of the term of his prison sentence, and does not dispute his guilt, he has not shown actual innocence. Therefore Petitioner cannot now bring the claim before this Court for review.

### C. Cognizable

In addition to being procedurally barred, Petitioner's attack on the state court's ruling does not present a cognizable claim under Section 2254. The state court held that Petitioner could not invoke Rule 3.800(b)(2) for relief—this Court lacks the power to review such an interpretation of Florida's procedural rules. "As a general matter, and absent some important exceptions, when a state court denies relief because a party failed to comply with a regularly applied and well-established state procedural rule, a federal court will not consider that issue." *Smith v. Texas*, 550 U.S. 297, 313 (2007). As the Eleventh Circuit has made clear:

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases.

*McCullough v. Singletary*, 967 F.2d 530, 535–36 (11th Cir. 1992).

This Court cannot accept Petitioner's invitation to exceed the limited power granted by Section 2254 and invade the broad sphere of authority that our federal system entrusts to the States. It is plainly not the province or prerogative of this Court to rule on the correctness of a state decision that interprets the state's own procedural rules.

### D. Merits

Even if Petitioner were not procedurally barred from bringing his claim for relief and it were cognizable under Section 2254, it would fail on the merits because he cannot show

that the state court unreasonably applied clearly established federal law in upholding his fifteen-year sentence.

Supreme Court precedent makes clear that the Constitution does not permit judges to re-sentence defendants more harshly in retaliation against their success on appeal. In *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072 (1969), the Court established that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at 725. As a prophylactic rule to ward against such retaliation, the Court set forth a presumption of judicial vindictiveness that applies "whenever a judge imposes a more severe sentence upon a defendant after a new trial." *Id.* at 726. The *Pearce* Court therefore held that whenever a judge re-sentences a defendant more harshly after a new trial obtained at the defendant's own behest, "the [non-vindictive] reasons for his doing so must affirmatively appear." *Id.* at 726.

Twenty years later, in *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201 (1989), the Supreme Court limited *Pearce*'s presumption of vindictiveness, clarifying that it applies only to circumstances "in which there is a 'reasonable likelihood' of vindictiveness," not simply in every case where a defendant receives a higher sentence. *Smith*, 490 U.S. at 799 (citation omitted). The Court reasoned that " 'the evil the [*Pearce*] Court sought to prevent' was not the imposition of 'enlarged sentences after a new trial' but 'vindictiveness of a sentencing judge.' " *Id.* at 799 (quoting *Texas v. McCullough*, 475 U.S. 134, 138, 106 S. Ct. 976, 979 (1986)). Thus, the Court held that if a defendant cannot show such a "reasonable likelihood

of vindictiveness," "the burden remains upon the defendant to prove actual vindictiveness." *Smith*, 490 U.S. at 799–800.

Petitioner cannot invoke *Pearce*'s presumption of vindictiveness because he cannot show a reasonable likelihood that Judge Farnell imposed the fifteen-year sentence to retaliate against his success in setting aside his original sentence. Where, as here, the judge who re-sentences a defendant is different from the judge who originally sentenced him, the defendant cannot invoke *Pearce*'s presumption. *Texas v. McCullough*, 475 U.S. 134, 140, 106 S. Ct. 976, (1986) ("In *Colten v. Kentucky* . . . we recognized that when different sentencers are involved, '[i]t may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a [new] trial than that the [first sentencer] imposed a lenient penalty.' ").

Because Petitioner cannot invoke *Pearce*'s presumption, the burden remained on Petitioner to demonstrate that the judge was actually vindictive. *See Smith*, 490 U.S. at 799–800. Petitioner has failed to carry this heavy burden and does not provide any evidence for a finding that the re-sentencing judge acted vindictively, apart from the unremarkable observation that he received a longer sentence than the one that had been set aside. This is clearly not sufficient in itself to show actual vindictiveness. *See Smith*, 490 U.S. at 799 (citing *Chaffin v. Stynchcombe*, 412 U.S. 17, 25, 93 S. Ct. 1977, 1982 (1973), for the proposition that "the *Pearce* presumption was not designed to prevent the imposition of an increased sentence on retrial 'for some valid reason associated with the need for flexibility

and discretion in the sentencing process,' but was 'premised on the apparent need to guard against *vindictiveness* in the resentencing process' "). Additionally, the record demonstrates that the re-sentencing judge took into account several legitimate considerations when imposing the fifteen-year sentence. In reaching her decision, the judge observed that Petitioner, a lawyer, was in an "extreme position of trust during this criminal episode" and carried with him "a history of theft-related offenses." (Exhibit 2, Transcript on Appeal, at 514).

Because Petitioner has not established that the state court departed from the Supreme Court's clearly established precedent in *Pearce* and its progeny, the Court would deny Petitioner's claim of judicial vindictiveness if it presented a cognizable claim under Section 2254 and were not procedurally barred.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Petitioner has procedurally defaulted this claim for federal habeas relief and has not presented a claim cognizable under Section 2254.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

2. The Clerk is directed to terminate any pending motions and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-62.deny 2254.wpd*